UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBIN ACKER,

       Plaintiff,

v.                                                        Case No. 1:17-cv-909
                                                          Hon. Ray Kent
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/


**OPINION AND ORDER**

### I.     Background

Plaintiff filed an application for disability insurance benefits (DIB) on July 23, 2013. Compl. (ECF No. 1, PageID.1-3). Her claim was based upon a date last insured of December 31, 2012. *Id*. The Social Security Administration (SSA) denied her application on November 6, 2013. *Id*. at PageID.2. Plaintiff filed a request for hearing before an Administrative Law Judge (ALJ) on April 9, 2014, which was dismissed as untimely. *Id*. Plaintiff filed a request for review with the Appeals Council on June 9, 2014. *Id*. However, the request was dismissed on December 24, 2014, because her attorney asked to withdraw it. *Id*. According to plaintiff, "[t]he Dismissal said that if [plaintiff] filed a new claim within 60 days, then the Social Security Administration would use October 10, 2014, as the filing date for her new claim." *Id*.

1

Plaintiff filed her second application for DIB on January 23, 2015. *Id*.[1] The SSA denied the claim on February 27, 2015, because plaintiff's condition was not disabling as of her date last insured (December 31, 2012). *Id*. at PageID.3. Plaintiff filed a request for a hearing before an ALJ. *Id*. On or about March 25, 2015, the SSA sent plaintiff a letter stating that it would schedule her for a hearing, at which time she could present her case to an ALJ who would consider the issues she raised, the evidence in her file, and any additional evidence she would provide. *Id*. In November 2016, the SSA sent out a notice scheduling a hearing on January 16, 2017, before ALJ Loughlin. *Id*.

Prior to the scheduled hearing, ALJ Loughlin evaluated the new evidence provided in plaintiff's second application. Because plaintiff's second application involved the same time period as the November 6, 2013 final determination (*i.e.*, plaintiff's condition on or before December 31, 2012), the ALJ evaluated the evidence for the purpose of reopening the 2013 determination.

The authority for reopening a final determination appears in 20 C.F.R. § 404.987 ("reopening and revising determinations and decisions") which provides as follows:

(a) *General*. Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final. However, a determination or a decision made in your case which is otherwise final and binding may be reopened and revised by us.

(b) *Procedure for reopening and revision*. We may reopen a final determination or decision on our own initiative, or you may ask that a final determination or a decision to which you were a party be reopened. In either instance, if we reopen the determination or decision, we may revise that

---

[1] The Court notes that while plaintiff filed her second application on January 23, 2015, the SSA considered it filed as of October 10, 2014. For purposes of this opinion, the Court will refer to this filing, which is at issue in this appeal, as the "second application."

determination or decision. The conditions under which we may reopen a previous determination or decision, either on our own initiative or at your request, are explained in § 404.988.

20 C.F.R. § 404.987. The conditions for reopening a decision are set forth in 20 C.F.R. § 404.488, which provides that a determination "may be reopened" within 12 months of the date of the notice of determination "for any reason" (§ 404.488(a)), within four years of the date of the notice of determination "if we find good cause" (§ 404.488(b)), and "at any time" when certain circumstances exist (§ 404.488(c)).

In his "Order of Dismissal" entered on December 29, 2016,[2] ALJ Loughlin determined that the plaintiff's second application involved the same facts and issues as the November 6, 2013 determination and dismissed the request for a hearing based on *res judicata*:

> An Administrative Law Judge may dismiss a request for hearing if the doctrine of *res judicata* applies. *Res judicata* applies when the Social Security Administration has made a previous determination or decision involving the claimant's rights on the same facts and on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action (20 CFR 404.957(c)(l)).

> The record shows that the claimant previously filed an application for a period of disability and disability insurance benefits that was denied in a determination dated November 6, 2013. This determination, which was issued after the claimant's insured status expired on December 31, 2012, became administratively final because the claimant did not request review within the stated time period. The claimant did submit a request for hearing; however, the request for hearing was dismissed on May 2, 2014 for failure to show good cause for untimely filing (B5A). The claimant then requested review of the dismissal by the Appeals Council. However, the claimant's representative requested withdrawal of the request for review on June 9, 2014. The Appeals Council granted the request for withdrawal and dismissed the request for review (B6A/3).

> I have considered whether this determination should remain final and find no reason why it should not. In this regard, the deadline for requesting review should not be extended under Social Security Ruling 91-p because at the time of

---

[2] After defendant moved to dismiss, plaintiff attached portions of the administrative record as exhibits to her response brief. *See* Exhibits (ECF No. 11-1). The Court will consider these exhibits in addressing defendant's motion.

the previous determination, the claimant did not have or allege having a mental impairment. The claimant now alleges a learning disability (B1E/2). However, there is no evidence in the past or current record supporting the presence of a learning disability. Moreover, her attorney representative Thomas Geelhoed requested dismissal of her request for review by the Appeals Council. Therefore, any alleged mental disorder did not affect her ability to appeal her initial denial.

PageID.52.

The ALJ found that "none of the conditions for reopening set forth in 20 CFR 404.988 is present in this case." PageID.53. For these reasons, the ALJ found that "the previous determination remains final and binding." PageID.53. In making this determination, the ALJ also reviewed the conditions for reopening a decision as set forth in 20 C.F.R. § 404.989 ("Good cause for reopening") and concluded that:

> None of the conditions for reopening set forth in 20 CPR 404.989 is present in this case. A determination or decision that has become final and binding may be reopened for good cause if there is new and material evidence furnished, it contained a clerical error in the computation of benefits, or the evidence that was considered in making the determination or decision clearly showed on its face than an error was made. There was no clerical error or error on the face of the evidence supporting the prior determination.

PageID.53.

The ALJ continued:

> The question therefore becomes whether the same facts and same issues are involved. I have compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim. Based on this comparison, I find that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period.

PageID.53.

In answering this question, the ALJ noted that plaintiff's first application for DIB alleged disability due to "rheumatoid arthritis, vertigo, restless less syndrome, and thinning of a

4

disc." PageID.53.  Then, the ALJ noted that plaintiff's second application for DIB alleged severe impairments of "[a] learning disability, hip and knee pain, cholesterol, and borderline diabetes." PageID.53.  The ALJ reviewed the medical evidence in support of plaintiff's second application as follows:

> Medical evidence submitted with the current application for disability insurance benefits includes records from her occupational therapist, treating rheumatologist, rehabilitation counselor, pain management specialist, and primary care providers (B4F-B9F).  The records pertain primarily to her rheumatoid arthritis in addition to other physical impairments.  The earliest medical evidence submitted with the current application is dated May 2013 (B8F). Mr. Geelhoed took deposition testimony from the claimant's treating rheumatologist in November 2014.  He testified that he first treated the claimant for rheumatoid arthritis on October 4, 2012 and recommended treatment including rest during the day (B5F/1-3).  This is not new and material evidence. The November 2013 determination already took into account all of the medical evidence pertaining to the claimant's rheumatoid arthritis before her date last insured expired on December 31, 2012 (b4A/2-3) [sic].  State agency medical consultant Shanti Tanna, M.D., limited the claimant's exertional, postural, manipulative, and environmental functioning considering her inflammatory arthritis, degenerative disc disease, hyperlipidemia, and hypertension (B4A/4-8).

PageID.53.

> After reviewing the medical evidence in support of the second application, the ALJ

determined that,

> None of the new medical evidence provides any additional insight into the severity of her symptoms on or prior to December 31, 2012. Therefore, the new evidence is not material. It does not warrant revision of the final determination made on the prior application.
>
> Additionally, as already stated, the claimant's insured status expired prior to the previous determination. Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies.

PageID.53.  Based on this review, ALJ Loughlin concluded that "[b]ecause the doctrine of *res judicata* applies, the request for hearing dated March 5, 2015 is dismissed." PageID.54.  Plaintiff

filed a request for review with the Appeals Council, which it denied on August 18, 2017.  Compl. at PageID.4.

Plaintiff filed the present complaint pursuant to 42 U.S.C. § 405(g), seeking a remand to the Commissioner to consider her claims at a hearing.  Unlike a typical request for review brought under § 405(g), plaintiff claims that she is entitled to a hearing because defendant denied her procedural due process (Count I).  Plaintiff also seeks a writ of mandamus to compel defendant to conduct a hearing (Count II).

This matter is now before the Court on defendant's "Motion to dismiss plaintiff's complaint for lack of jurisdiction" (ECF No. 10).[3]  While the motion was pending, plaintiff filed a supplemental brief raising an additional issue, *i.e*, "[plaintiff's] case was decided by an ALJ who was appointed in an unconstitutional manner and the case should be reversed under *Lucia* [*v. Securities and Exchange Commission*, -- U.S. --, 138 S. Ct. 2044 (2018).  The Court will also address this issue is resolving defendant's motion to dismiss.

## II.     Discussion

## A.     Lack of jurisdiction

Defendant contends that this Court lacks jurisdiction to review plaintiff's claim.  In the context of Social Security proceedings, the Act only authorizes judicial review of a final decision made after a hearing:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

---

[3] The Court notes that defendant did not file a supporting brief as required by W.D. Mich. LCivR 7.1(a).  However, because the relief sought by both parties is apparent from the filings, the Court will address the merits of the motion. Defendant is advised that future motions may be stricken for failure to comply with this rule.

42 U.S.C. § 405(g) (emphasis added).  The Supreme Court has recognized that "[t]his provision

clearly limits judicial review to a particular type of agency action."  *Califano v. Sanders*, 430 U.S.

99, 108 (1977).  *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of

Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein

provided.").

        In the order of dismissal, ALJ Loughlin denied plaintiff's request for a hearing

because there was no basis to reopen the SSA's final determination of November 6, 2013.  Federal

courts do not review a decision denying a request to reopen a final determination.  As the Sixth

Circuit explained in *Robinson v. Secretary of Health & Human Services*, 914 F.2d 1494, 1990 WL

140542 (6th Cir. 1990) (unpublished):

> It is within the Secretary's discretion to reopen a determination or decision. *See* 20 C.F.R. §§ 404.988, 416.1488. Even if the Secretary abused his discretion by failing to reopen the previous decisions, federal courts' jurisdiction under the Social Security Act is limited to the review of a "final decision of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Because a petition to reopen may be denied without a hearing, "Congress did not intend Section 205(g) of the Administrative Procedure Act to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision." *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir.1981).

        This Court, however, does have jurisdiction to address an appeal of a decision

which falls outside of the requirements of § 405(g) when the appeal involves a colorable

constitutional claim.  *See, e.g.*, *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992) (where no

evidentiary hearing was conducted on a request to reopen, a federal court has no jurisdiction to

review the Appeals Council's decision not to reopen "[a]bsent any colorable constitutional claim").

        Here, plaintiff contends that she has such a colorable constitutional claim, *i.e.*, the

SSA violated her due process rights in denying the second application.  Due process requires that

7

a social security hearing be "full and fair." *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996), citing *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). "[B]oth the Social Security Act and basic principles of due process require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 488 (6th Cir. 2006) (internal quotation marks omitted).

In her response, plaintiff lists five alleged violations of due process: the SSA failed to provide her with a hearing as promised; she was denied the opportunity to provide additional evidence at the promised hearing; the SSA failed to apprise her of the issues the ALJ would consider; the SSA failed to give notice that her claim might be dismissed based on *res judicata*; and, the SSA failed to give her an opportunity to present arguments to the Appeals Council after the dismissal. PageID.35-37.

### 1. A hearing on the second application

As an initial matter, while plaintiff contends that the ALJ denied her a hearing on the second application, it is well-established that "a petition to reopen a prior final decision may be denied without a hearing." *Califano*, 430 U.S. at 108. That is what occurred in this case. ALJ Loughlin reviewed the new evidence before dismissing plaintiff's request for a hearing. "Simply couching in constitutional language what is in reality an argument, that the [Commissioner] abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge." *Ingram v. Secretary of Health & Human Services*, 830 F.2d 67, 67-68 (6th Cir. 1987).

### 2.    Issues to be considered

Contrary to plaintiff's contention, the ALJ's Notice of Hearing advised her of what would be considered at the January 26, 2017 hearing:

> The hearing concerns your application of October 10, 2014, for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act (the Act).  I will consider whether you are disabled under sections 216(i) and 223(d) of the Act.

PageID.48.  As discussed, while plaintiff's second application was deemed filed on October 10, 2014, it involved the same issue which was decided on November 6, 2013, *i.e.*, whether plaintiff was disabled on or before her date last insured of December 31, 2012.

### 3.    Notice of *res judicata*

While plaintiff contends that she did not receive separate notice that her claim might be dismissed under the doctrine of *res judicata*, this is not a due process violation.  One of the relevant considerations in the ALJ's discretionary decision on whether to hold a hearing to reopen a final determination is whether to apply the doctrine of *res judicata*:

> An administrative law judge *may dismiss* a request for a hearing under any of the following conditions: . . .

> (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because— . . .

>> (1) The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]

20 C.F.R. § 404.957(c)(1) (emphasis added).

As discussed, the ALJ's order considered plaintiff's new evidence before

dismissing her request for a hearing.  PageID.52-54.  Contrary to plaintiff's claim, she was not entitled to an administrative hearing on whether to reopen the November 6, 2013 final determination. As the court explained in *Leach v. Colvin*, No. 1:14CV847, 2015 WL 4878189 (Aug. 14, 2015), *R&R adopted*, 2015 WL 5682905 (M.D.N.C. Sept. 25, 2015), the decision to reopen is a matter of discretion.  After pointing out that 20 C.F.R. § 404.987 provides that "a determination or a decision made in your case which is otherwise final and binding may be reopened and revised by us" and that "Section 404.988 then chronicles the conditions under which a decision 'may be reopened,'" the court stated:

> [T]hese regulations provide for a discretionary determination, and did not require the ALJ, the Appeals Council, or any other decision maker within the Social Security Administration ("SSA") to reopen Plaintiff's Title II claim as he now contends. More importantly, as set out above, this Court is "without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review . . . of a decision by the Secretary not to reopen the claim." [*McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981)]; *see also Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (concluding that the Social Security Act, 42 U.S.C. § 405(g), does not "authorize judicial review of a final decision of the Secretary not to reopen a claim of benefits" and that § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits").

*Leach*, 2015 WL 4878189 at *6.

### 5.  Appeals Council action

Finally, plaintiff's contention that the SSA failed to give her opportunity to present arguments to the Appeals Council after the dismissal is contradicted by her complaint, which alleged that "on or about January 16, 2017, [plaintiff] filed a Request for Review with the Appeals Council."  PageID.4.

For these reasons, plaintiff's due process claim alleged in Count I will be dismissed.

10

### B.     Writ of mandamus

.           In Count II, plaintiff alleged that "[t]his Court should issue a writ of mandamus compelling the Defendant to conduct a hearing for [plaintiff] and reopen her prior determination under the twelve month reopening rule [*i.e.*, 20 C.F.R. § 404.988(a)]." PageID.5.  Plaintiff's claim is without merit.

In *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980), the Supreme Court explained the extraordinary nature of a writ of mandamus:

> [T]he writ of mandamus has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy.

*Allied Chemical Corp.*, 449 U.S. at 35 (internal quotations and citations omitted).  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  *See Huron Mountain Club v. United States Army Corps of Engineers*, No. 2:12-cv-197, 2012 WL 3060146 at *3 fn. 2 (W.D. Mich. July 25, 2012) ("The Mandamus Act, like the APA, is available only when a government defendant has failed to perform a nondiscretionary duty").

There is no basis for issuance of a writ of mandamus in this case. There is no requirement that the Commissioner must reopen a final determination or decision when a claimant asks to reopen it, whether that request is made within twelve months, four years, or some later date.  The Commissioner's decision to reopen a final decision pursuant to 20 C.F.R. § 404.988 is

a matter of discretion. *Monger v. Bowen*, 817 F.2d 15, 17 (4th Cir. 1987).  This discretionary decision is not subject to a writ of mandamus. *Heckler*, 466 U.S. at 616.  Accordingly, plaintiff's request for issuance of a mandamus in Count II will be dismissed.

### C.    *Lucia* claim

Finally, plaintiff seeks a remand because the ALJ who presided over her case was not properly appointed pursuant to the Appointments Clause of the United States Constitution, citing *Lucia*, 138 S. Ct. 2044, which held that the ALJ's employed by the Securities and Exchange Commission to hear disputes were appointed in an unconstitutional manner.[4]  Plaintiff, however, did not raise the validity of the ALJ's appointment until she filed a supplemental brief in this federal court appeal of the adverse administrative order.  Because plaintiff did not contest the validity of ALJ Loughlin's appointment during the administrative proceedings, she has waived any argument pertaining to the constitutionality of that appointment.  *See Sturdee v. Commissioner of Social Security*, 1:18-cv-770, 2019 WL 4743836 at *3 (W.D. Mich. Sept. 30, 2019); *Van Andel v. Commissioner of Social Security*, No. 1:17-cv-1021, 2019 WL 1375339 at *3 (W.D. Mich. March 27, 2019).  Accordingly, plaintiff's claim regarding the unconstitutional appointment of the ALJ is denied.

---

[4] As discussed, while plaintiff did not make this allegation in her complaint, the Court will consider this argument as another "colorable constitutional claim" related to ALJ Loughlin's order of dismissal.

**III.     Conclusion**

For these reasons,

**IT IS ORDERED** that defendant's motion to dismiss (ECF No. 10) is **GRANTED**.


Dated:  April 27, 2020                                    /s/ Ray Kent
                                                          United States Magistrate Judge